# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MITSUBISHI HC CAPITAL AMERICA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | |
| | ) | |
| SULAKHAN JOHAL and JASVIR JOHAL | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Mitsubishi HC Capital America, Inc., formally known as Hitachi Capital America Corp. ("MHCA" or "Plaintiff"), by and through its counsel, and for its Complaint against Sulakhan Johal ("S. Johal") and Jasvir Johal ("J. Johal" or together with S. Johal, the "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This action stems from Defendants' default under two unconditional Personal Guaranty Agreements (collectively, the "Defaulted Guaranties"). A true and correct copy of S. Johal's Personal Guaranty is attached hereto as **Exhibit A**. A true and correct copy of J. Johal's Personal Guaranty is attached hereto as **Exhibit B**.

2. Since at least 2014, Plaintiff has provided financing arrangements to Defendants' non-party companies Pride Truck Sales L.P. ("Pride Truck") and Tpine Leasing Capital, L.P. ("Tpine") in the United States. Under the financing arrangements with Tpine, Plaintiff purchased certain lease and/or contract receivables from Tpine at a discount. Under the arrangement, Tpine received cash immediately and Plaintiff received an income stream.

3. Pursuant to obligations set forth under the Defaulted Guaranties, Defendants

1

each agreed to personally guaranty Tpine's obligations under the financing arrangement described herein.

4. However, following defaults by Tpine, Defendants have defaulted on their obligations under these Defaulted Guaranties.

5. In fact, Defendants' default under the Defaulted Guaranties is just one of multiple instances in which they failed to honor other guaranty obligations to Plaintiff related to Plaintiff's financing of their two companies.

6. Despite Plaintiff's notice to Defendants of defaults under the U.S. Financing Agreements (as defined below), Defendants have refused to honor their obligations under the Defaulted Guaranties. Defendants are personally liable for damages suffered by Plaintiff, and Defendants' refusal to comply with the Defaulted Guaranties necessitated Plaintiff's filing of this action to recover amounts owed by Defendants. Defendants' defaults under the Defaulted Guaranties have damaged Plaintiff in amounts exceeding $75,000.

**THE PARTIES**

7. Plaintiff MHCA is a Delaware corporation with its principal place of business in Connecticut. ENGS Commercial Finance Co. ("ENGS"), MHCA's predecessor by merger and in interest, was a California corporation with its principal place of business in Illinois. MHCA provides customized financing solutions to businesses to help meet their capital needs. MHCA offers vehicles, trading, structure, and commercial vehicle finance services.

8. Defendant Sulakhan Singh Johal a/k/a Sam Johal is a citizen of and domiciled in the Province of Ontario, Canada.

9. Defendant Jasvir Johal is a citizen of and domiciled in the Province of Ontario, Canada.

**JURISDICTION AND VENUE**

10. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the matter in controversy exceeds $75,000 exclusive of interests and costs.

11. Additionally, Defendants contractually agreed to the personal jurisdiction of this Court. Under Section 8 of the Defaulted Guaranties, each party accepted "the exclusive jurisdiction" of this Court, and parties can contract to establish exclusive jurisdiction. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1291-92 (7th Cir. 1989).

12. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391, and Defendants contractually agreed that all actions arising directly or indirectly under Section 8 of the Defaulted Guaranties, further described herein, must be instituted and litigated in either federal or state court in Illinois.

**FACTUAL ALLEGATIONS**

*A. Plaintiff Provided Financing to Defendants' Two Companies*

13. Through a series of agreements, Plaintiff provided financing arrangements for two companies that Defendants own.

14. Specifically, on or around November 21, 2018, Plaintiff entered into the Floorplan and Security Agreement ("Norwalk U.S. Floorplan Agreement") with Pride Truck, in which Defendants are each partners.

15. On or around May 25, 2021, Plaintiff also entered into the Master Lease Receivables Sale and Assignment Agreement ("Norwalk Master Receivables Purchase Agreement") with Tpine, another company owned by Defendants.

16. Also, on or around May 25, 2021, Plaintiff entered into the Servicing and

Remarketing Agreement with Tpine. The Servicing and Remarketing Agreement and Norwalk Master Receivables Purchase Agreement are by their terms a single undertaking.

17. On or around May 31, 2023, Plaintiff entered into the Second Amended and Restated Program Agreement ("Program Agreement") with Tpine. A true and correct copy of the Program Agreement is attached hereto as **<u>Exhibit C</u>**. The original version of the Program Agreement was entered into by Plaintiff's predecessor by merger and in interest, ENGS, on March 18, 2020.

18. Together, the Norwalk U.S. Floorplan Agreement, Norwalk Master Receivables Purchase Agreement, and Program Agreement are referred to herein as the "U.S. Financing Agreements." Through the U.S. Financing Agreements, Plaintiff provided to Defendants' companies, Tpine and Pride Truck, financing in the U.S. for: (a) lease and contract receivables generated under commercial vehicle leases originated by Tpine, and (b) dealer floorplan (inventory financing) for Pride Truck.

19. Under the Program Agreement, Tpine agreed to sell to Plaintiff all its right, title, and interest to certain Contracts (defined as leases, conditional sale agreements, or other evidence or form of payment obligation and/or security interest), including all related guaranties, insurance proceeds, vendor warranties, and any other amounts due under the Contracts. *See* Ex. C, at § 2.2.

### B. *Defendants Agreed to Be Personal Guarantors*

20. To further induce Plaintiff to enter into the Program Agreement, Defendants each provided an unconditional personal guaranty of Tpine's obligations under the Program Agreement. Defendants entered into the Defaulted Guaranties on or around March 18, 2020, at the same time Tpine entered into the Program Agreement.

21. Under Section 5.3(f) of the Program Agreement, Defendants agreed to be a

Guarantor of Tpine's "payment obligations and other obligations under this Agreement and any Assignment." *See* Ex. C at § 5.3(f). Defendants agreed to "be responsible for the representation, warranties, and obligations of Seller, including, without limitation, the obligation to maintain loss reserve amounts." *Id.*

22. The Defaulted Guaranties serve to guaranty the obligations of Tpine under the Program Agreement, including the payment of all principal and interest and all other sums then and thereafter incurred by Tpine, including costs, expenses, and attorneys' fees. *See* Ex. A and Ex. B at § 2.

23. Under the Defaulted Guaranties, Defendants waived any rights to demand, setoff, counterclaim, recoupment, or similar rights to reduce the amounts owed. *Id.* at § 4.

24. Moreover, Defendants waived any defenses that they may have other than actual payment and performance under the Defaulted Guaranties. *Id.* Defendants also waived any defenses of the guarantors regarding any invalidity, irregularity, defect, or unenforceability of any provision of the Program Agreement. *Id.*

### C. *Defendants' Defaults and Refusal to Pay Plaintiff*

25. By or around December 21, 2023, Tpine and Defendants were in default of the Program Agreement and Defaulted Guaranties for, among other things, assigning or selling certain contracts under the Program Agreement in violation of the Program Agreement. Pursuant to Section 5.1(l) of the Program Agreement, Tpine represented and warranted that, it had not assigned or pledged any part of the rights assigned thereunder to anyone other than MHCA or its designees. Tpine notified MHCA on December 21, 2023 that certain Contracts (as defined in the Program Agreement) assigned thereunder were also sold or assigned to another third party purchaser or lender, and therefore, an Event of Default under Section 7.1(a) of the Program

Agreement occurred.

26. On December 21, 2023, Plaintiff issued a Notice of Defaults and Reservation of Rights ("Notice of Default") to Defendants and their non-party companies that the default under the Program Agreement was continuing and remain uncured. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

27. To date, neither Defendants, nor Defendants' companies, have cured the defaults under the Program Agreement and, thus, remain in breach of the Program Agreement and the Defaulted Guaranties.

28. Due to the breach of the Defaulted Guaranties, the damages exceed $75,000 (exclusive of fees and interest, which continue to accrue) and remain subject to further revision by Plaintiff as the full scope of the damages caused by Defendants crystalizes.

## COUNT I
**(Breach of Guaranty)**

29. Plaintiff repeats and realleges the allegations in paragraphs 1 through 28 as if fully set forth herein.

30. Under the Defaulted Guaranties, Plaintiff is entitled to contractual money damages from Defendants as provided therein, both for the amounts due and owing under the Program Agreement and for any damage inflicted upon the collateral, as well as any and all additional damages specified as a remedy after default.

31. The Defaulted Guaranties provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

32. Notwithstanding their contractual obligations set forth in the Defaulted Guaranties and demand made by Plaintiff, each Defendant has failed to fulfill his obligations thereunder.

33. Defendants' failure and refusal to satisfy Tpine's payment obligations to Plaintiff are clear and unambiguous breaches of the Defaulted Guaranties.

34. As a direct and proximate result, Plaintiff has incurred and continues to incur substantial damages. Plaintiff has performed any and all conditions and obligations required of it under the Program Agreement.

WHEREFORE, Plaintiff MHCA respectfully prays that judgment be entered in its favor and against Defendants Sulakhan Johal and Jasvir Johal for all money damages incurred due to their breach, and for other and further relief that the Court deems just, equitable, and proper under the circumstances.

Dated: March 25, 2024

Respectfully submitted,

REED SMITH LLP

By: */s/ John R. Casey III*
John R. Casey III (ARDC #6338796)

10 S Wacker Drive, Suite 4000
Chicago, IL 60606
Tel: (312) 207-1000
Email: jcasey@reedsmith.com

*Counsel for Plaintiff Mitsubishi HC Capital America, Inc.*